JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-1085 PA (MAAx) | Date | February 10, 2021 |
|---|---|---|---|
| Title | Genoveva Andrade et al. v. Albertsons Companies, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

  Before the Court is a Notice of Removal filed by defendant Albertsons Companies, Inc. ("Removing Defendant") on February 5, 2021. Defendant asserts that this Court has jurisdiction over this action, brought by plaintiffs Genoveva Andrade and Jose Lorenzo Andrade ("Plaintiffs"), based on diversity pursuant to 28 U.S.C. § 1332. (Dkt. 1 ("Removal") at 2.)

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999) (emphasis added). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between all of the parties, and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Where the complaint does not disclose the citizenship of each party and the amount in controversy, these jurisdictional facts must be set forth in the defendant's notice of removal. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1021-1022 (11th Cir. 2004). The burden is on the defendant to prove complete diversity of citizenship. See Gaus, 980 F.2d at 566. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1085 PA (MAAx) | Date | February 10, 2021 |
|---|---|---|---|
| Title | Genoveva Andrade et al. v. Albertsons Companies, Inc. et al. | | |

894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Removing Defendant alleges that "Defendant Albertsons is a Delaware corporation with its principal place of business in Idaho." (Removal at 2.) However, Removing Defendant failed to present any citizenship allegations for Co-Defendant Vons. In both the caption page and body of the Complaint, Plaintiff identified Vons and Albertsons Companies, Inc. as defendants in this action. (Id. at Ex. 1 ("Compl.") ¶2.) In fact, the Complaint alleges that Plaintiff Genoveva Andrade suffered injuries while visiting a Vons store located at 4226 Woodruff Ave., Lakewood, CA 90713. (Id. at Ex. 1 ¶7.) Rather than accounting for Vons' citizenship, Removing Defendant only alleges that it was "erroneously sued" as Vons and fails to provide any further explanation of Vons' legal entity status. (Id. at 1.)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Because Removing Defendant has not alleged the citizenship of its co-defendant, it has failed to carry its burden of accounting for the citizenship of all the named parties. See United States Advisor, LLC v. Berkshire Prop. Advisors, LLC, 2009 U.S. Dist. LEXIS 64026, at *7-12 (D. Colo. July 10, 2009) (remanding action where "Defendant Berkshire has failed to account for the citizenship of all of the entities named in this litigation in either the notice of removal or otherwise. . . . this Court cannot proceed under diversity jurisdiction without fully accounting for the citizenship of all of the parties."); RJO Invs., Inc. v. Crown Fin., LLC, 2018 U.S. Dist. LEXIS 76114, at *9 (W.D. Ark. May 2, 2018) ("A district court must take into account the citizenship of all named defendants, even if unserved, to determine whether the court possesses diversity jurisdiction."). Without more, Removing Defendant has failed to establish that complete diversity between all of the parties exists, and has therefore failed to establish the Court's diversity jurisdiction. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806).

For these reasons, the Court concludes that Removing Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiffs' claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 19STCV38687, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.